PETER A. BRANDT (CA Bar No. 241287)
pbrandt@humanesociety.org
HALLIE G. SEARS (DC Bar No. 1001756)
(*pro hac vice* pending)
hsears@humanesociety.org
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, NW
Washington, DC 20037
Telephone: 202-676-2335
Facsimile: 202-676-2357
*Attorneys for Proposed Amici*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL,<br><br>Plaintiff;<br><br>v.<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California, and CHARLTON H. BONHAM, in his official capacity as Director of the California Department of Fish and Wildlife;<br><br>Defendants. | Case No. 2:14-cv-01856-GEB-AC<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY THE HUMANE SOCIETY OF THE UNITED STATES AND THE FUND FOR ANIMALS**<br><br>Date: January 20, 2015<br>Time: 9:00 a.m.<br>Judge: Hon. Garland E. Burrell, Jr. |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY THE HUMANE SOCIETY OF THE UNITED STATES AND THE FUND FOR ANIMALS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 20, 2015, at 9:00 am, or as soon thereafter as the matter may be heard before the Honorable Garland E. Burrell, Jr., in the United States District Court for the Eastern District of California, Sacramento Division, located at 501 I Street, Sacramento, California, in Courtroom No. 10, The Humane Society of the United States ("HSUS") and The Fund for Animals ("The Fund") (together, "*Amici*") will, and hereby do, move for leave to file the attached proposed *amici curiae* brief in support of Defendants' Motion to Dismiss.

As explained in the Memorandum of Points and Authorities offered in support of this Motion, the Court should grant leave to file the proposed *amicus* brief because *Amici* The Humane Society of the United States and The Fund For Animals have a substantial interest in the litigation and will provide relevant points of legal authority and unique information as to the development and basis for the law at issue that will assist the Court to resolve the pending motion.[1]

On December 12, 2014, counsel for *Amici* provided notice to the parties of the intent to file this motion. Counsel for Plaintiff states that Plaintiff will not be able to provide its position on the motion until after the motion is filed. Counsel for Defendants states that Defendants do not oppose the motion.

---

[1] *Amici* are not moving for leave to file any additional pleadings in this case, other than a responsive pleading any opposition to this motion. *Amici* have a specific interest in providing the Court with relevant points of authority and a unique perspective as it relates to Defendants' pending motion to dismiss.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO FILE AMICUS CURIAE BRIEF**

The Humane Society of the United States ("HSUS") and The Fund for Animals ("The Fund") (together, "*Amici*") request leave of this Court to file the attached *amicus curiae* brief in support of Defendants' Motion to Dismiss. Dkt. No. 15. The following points and authorities are offered in support of the motion.

## I. LEGAL STANDARD.

"The district court has broad discretion to appoint *amici curiae*." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). As such "'[a]n amicus brief should normally be allowed' when, among other considerations, 'the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Re2con, LLC v. Telfer Oil Co.*, No. 2:10-cv-00786-KJM-KJN, 2012 WL 6570902 at *1 (E.D. Cal. Dec. 17, 2012) (quoting *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E. D. Wash. 1999) (citing *Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903))); *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) ("[A]n individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court.") (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)). Here *Amici would* fulfill the "classic role" of an *amicus curiae* to "assist[] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Whol Co., Inc. v. Comm'r of Labor and Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

## II. IDENTITY AND INTEREST OF AMICI CURIAE.

Proposed *Amicus* HSUS is the nation's largest animal welfare organization. Protecting the welfare of animals is the core mission of HSUS. That core mission includes preventing animal cruelty and promoting public safety and wildlife conservation. On behalf of its members and constituents, including over 1.4 million members and constituents in California, HSUS has spent

considerable time, financial resources, and institutional goodwill promoting wildlife protection and management in the State of California, including ensuring the protection and management of mountain lions specifically. *See* Declaration of John William Yeates in Support of Motion for Leave to File *Amicus Curiae* Brief ("Yeates Decl.") ¶¶ 7, 11-14.

Proposed *Amicus* The Fund has spearheaded significant animal protection advancements for over 45 years by employing national and state advocacy campaigns, rescue operations and operating a network of world-famous animal care facilities. The Fund is devoted to wildlife protection and management, and operates a wildlife center in Southern California that provides year-round medical and rehabilitative care to injured and orphaned wildlife and specializes in native predator species, such as mountain lions.

In or around 1985, HSUS joined the Mountain Lion Coalition, a California association of nonprofits dedicated to the protection of mountain lions, and sponsored legislation that would prohibit the hunting of mountain lions in the state. Yeates Decl. ¶ 7. In or around 1989 to 1990, HSUS and The Fund were deeply involved in the campaign to pass Proposition 117—the law at issue in this case—which declares mountain lions as a fully protected species in the state of California and prohibits the hunting, possession, transportation, and importation of mountain lions and parts thereof in the state. Yeates Decl. ¶ 11. Both HSUS and The Fund later played a key role in the successful campaign to defeat a 1996 ballot measure that would have repealed certain provisions of Proposition 117. Yeates Decl. ¶¶ 12-13; *Amici's* Request for Judicial Notice ("Amici RJN"), Exh. A (official California Ballot Pamphlet for Proposition 197, in which the "Argument Against" and "Rebuttal to Argument in Favor," of the measure were signed by HSUS executives). HSUS was also supportive of subsequent legislative amendments to Proposition 117 that allowed certain scientific research activities and responses to public safety threats while leaving intact the mountain lion's status as a "protected species" that cannot be hunted. Yeates Decl. ¶ 14. The HSUS and The Fund therefore have a significant interest in this case.

### III. THE PROPOSED AMICUS CURIAE BRIEF WILL ASSIST THE COURT WITH THE DISPOSITION OF THIS CASE.

Although *Amici* support the clear and persuasive arguments of Defendants' Motion to Dismiss, *Amici* are uniquely positioned to provide legal authority and factual information of assistance to the Court in resolving the motion. *Amici*—organizations with the specific mission to protecting the welfare of animals, promoting public safety, and conserving wildlife—are well-situated to address the legal questions raised by Plaintiffs in the factual context at issue here. In fact, HSUS and The Fund have extensive litigation experience as intervenors and *amici* in cases with similar claims—i.e. cases challenging state and local animal protection laws as unconstitutional.[2] This experience, and indeed even the rulings in some of these cases, cited in *Amici's* proposed brief, are likely to assist the Court in its review of the instant claims. Moreover, as described above, both *Amici* were deeply involved in the campaign to pass Proposition 117, and the subsequent campaign to uphold the law against attempted repeal. Yeates Decl. ¶¶ 11-13.

---

[2] HSUS has participated as an intervenor or *amicus* in a number of cases, many of which have been filed within the State of California and this Circuit regarding the constitutionality of animal protection laws, in support of, but without duplicating, governmental defendants' efforts. *See, e.g.*, *Puppies 'N Love, et al. v. Phoenix*, Civ. No. 14-00073 (D. Ariz., filed 2014) (HSUS intervened to defend against challenge to Phoenix ordinance requiring pet stores to sell only dogs from animal shelters or other nonprofit animal rescues); *Mayfair House, Inc. v. City of West Hollywood*, Civ. No. 13-07112 (C.D. Cal., filed 2013) (HSUS participated as *amicus* to defend against challenge to West Hollywood ordinance prohibition on the sale of animal fur apparel); *Chinatown Neighborhood Association v. Brown, et al.*, Civ. No. 12-03759, (N.D.Cal., filed 2012) (HSUS participated as an intervenor to defend against challenge to California law banning the sale, trade, and possession of shark fins); *Cramer v. Brown, et al.*, Civ. No. 12-03130 (C.D. Cal., filed 2012) (HSUS intervened to defend against challenge to California's Proposition 2, mandating that egg laying hens be confined in a larger space); *Wilkins, et al. v. Daniels, et al.*, Civ. No. 12-01010 (S.D. Ohio, filed 2012) (HSUS intervened to defend against challenge to Ohio law restricting ownership of dangerous wild animals); *Nat'l Audubon Soc'y, et al. v. Davis, et al.*, Civ. No. 98-4610 (9th Cir. 2002) (HSUS intervened to defend against challenge to California law restricting use of certain kinds of traps and poisons); *Asian Am. Rights Comm. v. Brown et al.*, Civ. No. 12-517723 (Cal. Sup. Ct., San Francisco County, filed 2012) (HSUS intervened to defend against challenge to California law banning the sale, trade, and possession of shark fins); *JS West Milling Co., Inc. v. California*, Civ. No. 10-04225 (Cal. Sup. Ct., Fresno County, filed 2010) (HSUS intervened to defend against a challenge to California's Proposition 2, mandating that egg laying hens be confined in a larger space); *Mary Mendibourne, et al. v. John McCamman, et al.*, Civ. No. 46349 (Cal. Sup. Ct., Lassen County, filed 2009) (HSUS participated as intervenor to defend California initiative banning use of cruel methods of trapping and poisoning wildlife); *Citizens for Responsible Wildlife Management v. State*, Civ. No. 72186-6 (Sup. Ct. of Wash., filed 2003) (HSUS intervened to defend against challenge to Washington law restricting use of certain kinds of traps and poisons).

Thus, *Amici* are capable of presenting contextual information relevant to the Court's review.[3] By example, *Amici* believe the legislative history of efforts to amend Proposition 117, not cited in the parties' briefs, provide further evidence of the basis for enacting the law in the first instance, and that basis is clearly relevant in deciding the instant motion. Permitting *amici Amici* to file the attached proposed brief will provide a fuller view of the matters currently before the Court.

In its attached proposed *amici* brief, HSUS and The Fund support the position of the Defendants, but have endeavored not to duplicate Defendants in the presentation of facts or legal authority. As *Amici*, the HSUS and The Fund will present a distinct and relevant analysis supporting Defendants' Motion, but will not enlarge the issues to be decided by the Court or create any undue prejudice to Plaintiff. Although there are no specific limitations as to the time for filing of an *amicus* brief, this Motion is nonetheless timely as it is submitted in advance of Plaintiffs' opposition to Defendants' motion.[4]

**IV. CONCLUSION.**

Because of *Amici's* history and experience with regard to promoting and defending state and local policy to prevent animal cruelty and promote public safety and wildlife conservation, as well as its extensive knowledge of the landscape of local, state, and federal wildlife laws and constitutional challenges thereto, HSUS and The Fund believe that their insight will aid this Court

---

[3] Although constitutional challenges are principally legal in nature, they are not devoid of factual context. *Pennell v. City of San Jose*, 485 U.S. 1, 10, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988) ("[T]he constitutionality of statutes ought not be decided except in an actual factual setting that makes such a decision necessary."); *Int'l Ass'n of Machinists & Aerospace Workers v. Fed. Election Comm'n*, 678 F.2d 1092, 1097 (D.C. Cir. 1982) *aff'd*, 459 U.S. 983, 103 S.Ct. 335, 74 L.Ed.2d 379 (1982) ("[I]t is undesirable to decide a constitutional issue abstracted from its factual context."). In this case, *Amici* assert that the factual allegations in the Plaintiffs' complaint do not establish legally cognizable Equal Protection and Commerce Clause claims, particularly in the context of the judicially noticeable legislative history of Proposition 117 and subsequent efforts at amendment thereof, and the evolution state and local wildlife protection policy more generally, of which *Amici* are uniquely informed.

[4] Should Plaintiffs desire additional time in order to incorporate arguments responsive to the *amicus* submission in their opposition to Defendants' motion, the applicants suggest that this could be accommodated without prejudice to the parties in the resolution of this matter, as the Plaintiff has already requested and received, with the Defendants' consent, a significant extension of the briefing schedule and date of the hearing on the motion.

in considering Defendants' Motion to Dismiss.  Accordingly, the applicants respectfully request that this Court accept the attached *amicus curiae* brief in support of Defendants in this matter.

Dated:  December 17, 2014

                              Respectfully submitted,

                             By: /s/ Peter A. Brandt

Peter A. Brandt (CA Bar No. 241287)
pbrandt@humanesociety.org
HALLIE G. SEARS (DC Bar No. 1001756)
(*pro hac vice* pending)
hsears@humanesociety.org
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, NW, Washington, DC 20037
Telephone: 202-676-2335
Facsimile: 202-676-2357
*Attorneys for Proposed Amici*