Linda J. Linton, Esq. (Counsel for Service)
(California Bar No. 177821)
Linton & Associates, P.C.
6900 S. McCarran Blvd., #2040
Reno, NV  89509
Telephone: (775) 333-0881
Facsimile: (775) 333-0877
llinton@lintonlegal.com

Douglas S. Burdin, Esq.
(D.C. Bar No. 434107)
Anna M. Seidman, Esq.
(D.C. Bar No. 417091)
Safari Club International
501 2nd Street N.E.
Washington, D. C.  20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org
aseidman@safariclub.org
Counsel for Plaintiff
Safari Club International

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL ) | 2:14-cv-01856-GEB-AC |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S REQUEST FOR** |
| ) | **JUDICIAL NOTICE IN** |
| v. ) | **SUPPORT OF OPPOSITION TO** |
| ) | **MOTION TO DISMISS, AND** |
| KAMALA D. HARRIS, in her official ) | **DECLARATION OF DOUGLAS** |
| capacity as the Attorney General of ) | **S. BURDIN** |
| California; CHARLTON H. BONHAM, ) | |
| in his official capacity as the Director of ) | Date:  March 30, 2015 |
| the California Department of Fish and ) | Time:  9:00 a.m. |
| Wildlife ) | Courtroom: 10, 13th Floor |
| ) | Judge: Hon. Garland E. Burrell, Jr. |
| Defendants. ) | Action Filed: August 6, 2014 |
| ) | |
| ) | |
| _____ ) | |

## I. INTRODUCTION

Plaintiff Safari Club International ("Safari Club") requests that the Court take judicial notice of (1) five documents found on the websites of three state and federal agencies and a well-respected international scientific body; and (2) a document filed in a state court proceeding in California. Specifically, Safari Club requests the Court take judicial notice of the following documents, which will be referenced in Safari Club's opposition (scheduled to be filed on March 16, 2015) to the State Defendants' motion to dismiss ("MTD"), Dkt. 15:

- Websites of California Department of Fish and Wildlife:
    - Information about Mountain Lion in California (quoted in Safari Club's Complaint, ¶ 32), http://www.dfg.ca.gov/wildlife/lion/lion_faq.html, Exhibit A;
    - Document describing Hunting Licenses issued in California, 2010-2014, https://nrm.dfg.ca.gov/FileHandler.ashx?DocumentID=59821&inline, Exhibit B;

- Website of the United States Fish and Wildlife Service:
    - Document explaining that the Eastern Cougar is likely extinct: http://ecos.fws.gov/docs/five_year_review/doc3611.pdf, Exhibit C;

- Website of the International Union for Conservation of Nature:
    - Red List of Threatened Species, Report on the puma concolor (mountain lion) describing where hunting allowed: http://www.iucnredlist.org/details/18868/0, Exhibit D;

- Website of the U.S. Department of Labor, Bureau of Labor Statistics:
    - Consumer Price Indicator, Inflation Calculator, http://www.bls.gov/data/inflation_calculator.htm, Exhibit E.

- The Defendants' Trial Brief in *Scott et al. v. Lungren et al.,* Case No. 536117 (Superior Court of the State of California for the County of Sacramento), filed June 9, 1994. This case involved a challenge to the mountain lion import ban ("Import Ban") at issue in this case. Exhibit F.

As described below, all these documents are subject to judicial notice under Federal Rules of Evidence ("FRE") 201(b).

## II. ARGUMENT

### A. Standards for Judicial Notice

"Under Federal Rule of Evidence 201, '[t]he court may judicially notice a fact that is not

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS, AND DECLARATION OF DOUGLAS S. BURDIN**                                                         2

subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed.R.Evid. 201." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *see also NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 984 (E.D. Cal. 2012).  "[D]ocuments not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents.  *Lee,* 250 F.3d at 688." *Harris*, 682 F.3d at 1132.  Safari Club requests the Court take judicial notice of two types of documents –documents from the websites of the California Department of Fish and Wildlife, the U.S. Fish and Wildlife Service, a well-respected international scientific body, and the U.S. Department of Labor and a brief filed in a California state court proceeding.  All are appropriate for judicial notice.

Judicial notice is appropriate for documents and information obtained from websites. *Daniels–Hall v. National Educ. Ass'n,* 629 F.3d 992, 998–99 (9th Cir.2010) (where the authenticity of a website or the accuracy of the information displayed on the website is not disputed, it is appropriate to take judicial notice of information displayed publicly on government websites).  "'It is not uncommon for courts to take judicial notice of factual information found on the world wide web.' *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007).  This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice." *Paralyzed Veterans of Am. v. McPherson*, No. C064670SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (collecting numerous cases, court took judicial notice of information appearing on and printed from official government websites).  Judicial notice is also appropriate for materials found on the websites of recognized scientific authorities. *See Estate of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d 997, 1004 (N.D. Cal. 2012) (taking judicial notice of "scientific article republished on the website

of" a scientific institute, when other party did not object to article).

As to documents filed in a court, this Court has explained:

> Courts have consistently held that courts may take judicial notice of documents filed in other court proceedings. *See Schulze v. FBI,* 2010 WL 2902518, at *1 (E.D. Cal. July 22, 2010) (quoting *United States v. Black,* 482 F.3d 1035, 1041 (9th Cir.2007) ("A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.' ")); *Cartmill v. Sea World,* 2010 WL 4569922, at *1 (S.D. Cal. Nov. 5, 2010) (taking judicial notice of documents filed in other court proceedings). While the court cannot accept the veracity of the representations made in the documents, it may properly take judicial notice of the existence of those documents and of the "representations having been made therein." *San Luis Unit Food Producers v. United States,* 772 F.Supp.2d 1210, 1216 n. 1 (E.D. Cal. 2011).

*NuCal Foods,* 887 F. Supp. 2d at 984-85; *see also Harris*, 682 F.3d at 1132 (applying Federal Rule of Evidence 201, "[w]e may take judicial notice of undisputed matters of public record, *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001), including documents on file in federal or state courts. *See Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir.2002)").

### B. The Court Should Take Judicial Notice of the Website Documents and the Document from a California State Court Proceeding.

Each of the six documents (Exhibits A-F) is properly subject to judicial notice. They are relevant to either or both the allegations in Safari Club's complaint or its response to arguments the State Defendants made in their motion to dismiss. The attached declaration of Douglas S. Burdin attests to the authenticity of the six exhibits.

Exhibits A and B are documents from the official website of the California Department of Fish and Wildlife ("Department"), the Director of which is a defendant in this case. The State Defendants cannot dispute that the information contained on these websites "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Safari Club's complaint quoted a portion of Exhibit A (at least as it existed at the time the complaint was filed) that provides information about the abundance and status of mountain lions in California. Complaint, ¶ 32, Dkt. 2. In its opposition to the motion to dismiss, Safari

Club will use this document to help provide a proper understanding of the status of the mountain lion in California and to respond to the State Defendants' purported justification for the Import Ban.  *See* MTD at 2, 10, 12, 15.  Similarly, Exhibit B is a chart prepared by the Department concerning the number of hunting licenses issued by the state from the years 2010-2014.  Safari Club intends to use this document to help demonstrate the level of hunting that occurs in California as part of Safari Club's response to the State Defendants' purported justification for the Import Ban.

Exhibit C is a document from the website of the U.S. Fish and Wildlife Service, the federal government's primary expert agency on wildlife issues.[1]  Safari Club's complaint discussed the status of the mountain lion outside of California.  Complaint ¶¶ 2, 34.  Safari Club's opposition to the motion to dismiss will briefly discuss that only the Florida panther and eastern cougar (both subspecies of puma concolor) are listed on the federal endangered species list (as demonstrated by citation to the Code of Federal Regulations).  To give meaning to this fact, Exhibit C notes that the eastern cougar (a subspecies of puma concolor distinct from the mountain lion of the Western United States) is likely extinct (page 3), meaning that of the mountain lions/cougars in the wild in the United States, only the small population in Florida is federally protected.

Exhibit D is a report on the status of the mountain lion (puma concolor) throughout the world, including describing in which countries the hunting of mountain lion is allowed (page 7). Safari Club's complaint alleges that mountain lion hunting occurs in other countries (thus providing a potential source of sport-hunted mountain lions that California residents might want to import into the state).  Complaint, ¶ 34.  The International Union for Conservation of Nature, a

---

[1] As the full document is 110 pages long, Safari Club has only attached the first six pages as Exhibit C.  The full document is available at the website.

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS, AND DECLARATION OF DOUGLAS S. BURDIN      5

well-known and respected scientific body, prepared the report as part of its "Red List", as it does for numerous other species. Federal agencies and courts have often relied on or referenced the IUCN in wildlife matters. *See, e.g., In re Polar Bear Endangered Species Act Listing & 4(d) Rule Litig.*, 794 F. Supp. 2d 65, 95 (D.D.C. 2011) *aff'd sub nom. In re Polar Bear Endangered Species Act Listing & Section 4(d) Rule Litig.--MDL No. 1993*, 709 F.3d 1 (D.C. Cir. 2013) ("Although the standards for Red Listing classification differ from ESA listing standards, FWS nonetheless found the IUCN assessment to be instructive."); *Ctr. for Biological Diversity v. Lubchenco*, 758 F. Supp. 2d 945, 969 (N.D. Cal. 2010) (questioning agency's conclusion where it "contradicts the recommendation of its own expert, the IUCN, and the conclusions of other scientists who have assessed the gravity of a particular extinction risk in other cases."); *Wildwest Inst. v. Ashe*, 15 F. Supp. 3d 1057, 1066 (D. Mont. 2014) (U.S. Fish and Wildlife Service relied on IUCN's Red list status/rank in ESA listing decision). This organization and the reports on its website are sufficiently reliable and accurate to support judicial notice.

Exhibit E is Department of Labor, Bureau of Labor Standards ("DOL") website page that allows one to calculate the present value of an amount of money from a past year. Safari Club's complaint repeatedly alleges that the Import Ban has a substantial impact on interstate commerce. Complaint, ¶¶ 5-7, 15, 33-39, 44-47. The State Defendants have disputed this allegation. MTD at 10. While Safari Club will rely on many means to prove this allegation, it intends to rely on case law in which a court found a substantial impact on interstate commerce and quantified that impact in a dollar amount. To properly put such amounts in context for purposes of comparing them to the factual showing Safari Club intends to make in summary judgment or trial, the dollar amounts the cases discuss must be converted to present day values. The DOL calculator uses the consumer price index ("CPI" on the webpage) to accurately perform this task.

Finally, Exhibit F is a document the State Defendants filed in a state court in 1994 in a

case challenging the Import Ban. In this document, the State Defendants discuss the Import Ban and take positions regarding its objectives. Although not mentioning the brief by name, Safari Club's Complaint referenced the alleged objective discussed in the brief. Complaint, ¶ 24. The official representations of the State Defendants on the very issues before this Court are relevant to Safari Club's case and opposing the motion to dismiss. *See NuCal Foods,* 887 F. Supp. 2d at 984-85 ("While the court cannot accept the veracity of the representations made in the [court] documents, it may properly take judicial notice of the existence of those documents and of the 'representations having been made therein.'"), *quoting San Luis Unit Food Producers v. United States,* 772 F. Supp. 2d 1210, 1216 n.1 (E.D. Cal. 2011). As this brief was copied from the state court's records, attached Declaration of Douglas S. Burdin, ¶ 9, its accuracy cannot be disputed.

### III. CONCLUSION

For the reasons discussed above, Safari Club requests that the Court take judicial notice of the six documents. Each satisfies the requirements of FRE 201(b) and is relevant to this case and Safari Club's opposition to the motion to dismiss.

Dated this 27th day of February, 2015.

Respectfully submitted,

/s/ Douglas S. Burdin
Douglas S. Burdin, Esq.*
(D.C. Bar No. 434107)
Anna M. Seidman, Esq.*
(D.C. Bar No. 417091)
Jeremy E. Clare
(D.C. Bar No. 1015688)
Safari Club International
501 2nd Street N.E.
Washington, D. C.  20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org
aseidman@safariclub.org
jclare@safariclub.org

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS, AND DECLARATION OF DOUGLAS S. BURDIN**  7

Counsel for Plaintiff
Safari Club International

* Pro Hac Vice Granted

**DECLARATION OF DOUGLAS S. BURDIN**

I, Douglas S. Burdin, declare as follows:

1. I am an employee and the Litigation Counsel for Plaintiff Safari Club International.

2. I represent Safari Club International in this case.

3. Except as otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness I could testify competently as to those facts.

4. A true and correct copy of a document from the California Department of Fish and Wildlife website containing information about mountain lions in California, found at http://www.dfg.ca.gov/wildlife/lion/lion_faq.html, that I downloaded on February 26, 2015, is attached as Exhibit A.

5. A true and correct copy of a document from the California Department of Fish and Wildlife website describing Hunting Licenses issued in California, 2010-2014, found at https://nrm.dfg.ca.gov/FileHandler.ashx?DocumentID=59821&inline, that I downloaded on February 26, 2015, is attached as Exhibit B.

6. A true and correct copy of a document on the mountain lion from the United States Fish and Wildlife Service website, found at http://ecos.fws.gov/docs/five_year_review/doc3611.pdf, that I downloaded on February 26, 2015, is attached as Exhibit C.

7. A true and correct copy of a document from the International Union for Conservation of Nature website concerning a report on the puma concolor (mountain lion) and describing

where hunting allowed, found at http://www.iucnredlist.org/details/18868/0, that I downloaded on February 26, 2015, is attached as Exhibit D.

8. A true and correct copy of a webpage from the U.S. Department of Labor, Bureau of Labor Statistics that contains a "Consumer Price Indicator, Inflation Calculator," found at http://www.bls.gov/data/inflation_calculator.htm, that I downloaded on February 26, 2015, is attached as Exhibit E.

9. A true and correct copy of Defendants' Trial Brief, in *Scott et al. v. Lungren et al.,* Case No. 536117 (Superior Court of the State of California), filed June 9, 1994, is attached as Exhibit F.  An attorney in the undersigned's office personally copied this document from the records of the Superior Court of the State of California in and for the County of Sacramento.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 27, 2015 at Oakton, Virginia.

/s/Douglas S. Burdin_____
Douglas S. Burdin