1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  TAMAR PACHTER, State Bar No. 146083
   Supervising Deputy Attorney General
3  ALEXANDRA ROBERT GORDON, State Bar No. 207650
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:  (415) 703-5509
    Fax:  (415) 703-5480
6   E-mail:  Alexandra.RobertGordon@doj.ca.gov
   *Attorneys for Defendants*
7  *Attorney General Harris and Director Bonham*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **SAFARI CLUB INTERNATIONAL,** | 2:14-cv-01856-GEB-AC |
| Plaintiff, | **DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| **KAMALA D. HARRIS, in her official capacity as the Attorney General of California; CHARLTON H. BONHAM, in his official capacity as the Director of the California Department of Fish and Wildlife,** | Date:  March 30, 2015<br>Time:  9:00 a.m.<br>Courtroom:  10<br>Judge:  Hon. Garland E. Burrell, Jr.<br>Action Filed: August 7, 2014 |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1
ARGUMENT ....................................................................................................................... 1
CONCLUSION .................................................................................................................... 2

i

Defendants' Objection to Plaintiff's RJN (2:14-cv-01856-GEB-AC)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Calpine Corp. Sec. Litig.*
    288 F. Supp. 2d 1054 (N.D. Cal. 2003) ..................................................................................1

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001)................................................................................................1, 2

*Van Buskirk v. Cable News Network, Inc.*
    284 F.3d 977 (9th Cir. 2002)....................................................................................................1

**COURT RULES**

Federal Rules of Evidence
    rule 201....................................................................................................................................1

**INTRODUCTION**

Defendants Attorney General Kamala D. Harris and Director of the California Department of Fish and Wildlife Charlton H. Bonham object to Plaintiff's Request for Judicial Notice in Support of Opposition to Motion to Dismiss (plaintiff's Request). Plaintiffs have requested judicial notice of (1) a document from the website of the California Department of Fish and Wildlife (the Department) that provides information about mountain lions in California (Exhibit A); (2) a chart from the Department's website regarding hunting licenses issued by the State in recent years (Exhibit B); (3) a document from the website of the United States Fish and Wildlife Service regarding mountain lions outside California (Exhibit C); (4) a partial document from the website of the International Union for Conservation of Nature (IUCN) that sets forth some information about mountain lions (Exhibit D); a page from the Department of Labor's website entitled "CPI Inflation Calculator" (Exhibit E); and (7) a copy of Defendants' Trial Brief filed on June 9, 1994, in *Scott v. Lungren,* Case No. 536117 (Superior Court of the State of California Sacramento County) (Exhibit F). However, these exhibits are inadmissible both because plaintiff cannot use a request for judicial notice to avoid dismissal by introducing new facts and arguments that are not alleged in its Complaint, and because they are all irrelevant to the pending motion to dismiss. Accordingly, defendants object to plaintiff's Request in its entirety.

**ARGUMENT**

In evaluating a motion to dismiss, courts may consider documents that are physically attached to the complaint, documents explicitly or implicitly incorporated by reference in the complaint, and documents that are capable of accurate and ready determination and not reasonably subject to dispute. *See* Fed. R. Evid. 201; *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). When a complaint does not reference or necessarily rely upon a document, that document is barred from consideration. *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076-77 (N.D. Cal. 2003) ("The Court is aware of no authority that allows a plaintiff to request judicial notice of a document filed after the filing of a complaint to which the document allegedly

pertains, at least where no set of allegations in the complaint either refers to such a document or necessarily relies on it."). Here, even assuming that plaintiff's proposed exhibits are not subject to dispute, with the exception of the portion of Exhibit A that is quoted in plaintiff's Complaint, *see* Complaint ¶ 32, none of these documents is incorporated or relied upon in the Complaint.[1] Accordingly, the request to consider these new documents that extend beyond the boundaries of the Complaint is improper. *See Lee*, 250 F.3d at 688 (noting that judicial review is "limited to the contents of the complaint."). Moreover, these exhibits are irrelevant as none bears on the dispositive question currently before the Court: whether plaintiff's Complaint states a plausible claim for relief under the Equal Protection or Commerce Clauses.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny plaintiff's Request.

Dated:  March 9, 2015

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

*/s/ Alexandra Robert Gordon*

ALEXANDRA ROBERT GORDON
Deputy Attorney General
*Attorneys for Defendants
Attorney General Harris and Director Bonham*

---

[1] Even with respect to Exhibit A and/or even if the other exhibits had been referenced or relied upon in the Complaint, this Court can only take judicial notice of their existence; it cannot take judicial notice of the truth of the facts contained in those documents. *See Lee*, 250 F.3d at 689-90.