1    KAMALA D. HARRIS, State Bar No. 146672
     Attorney General of California
2    TAMAR PACHTER, State Bar No. 146083
     Supervising Deputy Attorney General
3    ALEXANDRA ROBERT GORDON, State Bar No. 207650
     Deputy Attorney General
4      455 Golden Gate Avenue, Suite 11000
       San Francisco, CA  94102-7004
5      Telephone:  (415) 703-5509
       Fax:  (415) 703-5480
6      E-mail:  Alexandra.RobertGordon@doj.ca.gov
     *Attorneys for Defendants*
7    *Attorney General Harris and Director Bonham*

8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10                        SACRAMENTO DIVISION

11

12

13   **SAFARI CLUB INTERNATIONAL,**          2:14-cv-01856-GEB-AC

14                               Plaintiff,

15        v.                                 **DEFENDANTS' REPLY BRIEF IN
                                             SUPPORT OF MOTION TO DISMISS
16                                           PURSUANT TO FEDERAL RULE OF
                                             CIVIL PROCEDURE 12(b)(6)**
17   **KAMALA D. HARRIS, in her official
     capacity as the Attorney General of     Date:         March 30, 2015
18   California; CHARLTON H. BONHAM, in       Time:         9:00 a.m.
     his official capacity as the Director of the   Courtroom:    10, 13th Floor
19   California Department of Fish and Wildlife,    Judge:        Hon. Garland E. Burrell, Jr.
                                             Action Filed:  August 6, 2014
20                               Defendants**

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 1

    I.    Plaintiff Has Not Stated and Cannot State a Claim for Relief Under the
        Dormant Commerce Clause ................................................................................... 2

        A.    Because Plaintiff Has Failed to Allege a Substantial Burden on
                Interstate Commerce, *Pike* Balancing Is Not Required. ............................ 2

        B.    The Mountain Lion Prohibition Serves Important State Interests and
                Its Putative Benefits Outweigh Any Burden on Interstate
                Commerce. ................................................................................................. 6

    II.    Plaintiff Has Not Stated and Cannot State a Claim for Relief Under the
        Equal Protection Clause ........................................................................................ 8

    III.    Plaintiff's Remaining Claim Must Be Dismissed ................................................. 9

CONCLUSION .................................................................................................................. 10

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Anderson v. Holder*
673 F.3d 1089 (9th Cir.2012).................................................................6

*Ashcroft v. Iqbal*
556 U.S. 662 (2009).......................................................................1, 6

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
729 F.3d 937 (9th Cir. 2013)..........................................................2, 5, 6, 7

*C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*
511 U.S. 383 (1994)...........................................................................4

*Cal. Pro-Life Council, Inc. v. Getman*
328 F.3d 1088 (9th Cir. 2003)................................................................7

*Camps Newfound/Owatonna, Inc. v. Town of Harrison, Maine*
520 U.S. 564 (1997)...........................................................................3

*Chinatown Neighborhood Ass'n v. Harris*
33 F. Supp. 3d 1085, 1107 (N.D. Cal. 2014) ......................................1, 6, 8, 9

*City of Philadelphia v. New Jersey*
437 U.S. 617 (1978)...........................................................................3

*Conservation Force, Inc. v Manning*
301 F.3d 985 (9th Cir. 2002)..................................................................3

*CTS Corp. v. Dynamics Corp. of America.*
481 U.S. 69 (1987)........................................................................2, 3, 7

*Dairy v. Bonham*
No. C-13-1518 EMC, 2013 WL 3829268 (N.D. Cal. July 23, 2013) ....................1, 9

*Exxon Corp. v. Governor of Maryland*
437 U.S. 117 (1978)...........................................................................4

*FCC v. Beach Communications, Inc.*
508 U.S. 307 (1993)...........................................................................8

*General Motors Corp. v. Tracy*
519 U.S. 278 (1997)........................................................................3, 5

*Healy v. Beer Inst.*
491 U.S. 324 (1989)...........................................................................2

1

# TABLE OF AUTHORITIES
## (continued)

2

Page

3

*Heller v. Doe*
509 U.S. 312 (1993) ...........................................................................................2, 9

4

5

*Huron Portland Cement Co. v. Detroit*
362 U.S. 440 (1960) ...............................................................................................4

6

7

*In re Google Inc.*
No. 13–MD–02430–LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ................7

8

*Kassel v. Consol. Freightways Corp.*
450 U.S. 662 (1981) ...............................................................................................7

9

10

*King v. Christie*
981 F. Supp. 2d 296 (D.N.J. 2013) ........................................................................6

11

*Legislature v. Eu*
54 Cal.3d 492 (Cal. 1991) ...................................................................................7, 9

12

13

*Minnesota v. Clover Leaf Creamery Co.*
449 U.S. 456 (1981) ...............................................................................................2

14

15

*Missouri Pac. R. Co. v. Norwood*
283 U.S. 249 (1931) ...............................................................................................7

16

17

*Mourning v. Family Publ'n Serv., Inc.*
411 U.S. 356 (1973) ...............................................................................................8

18

19

*Nat'l Ass'n of Optometrists & Opticians v. Harris*
682 F.3d 1144 (9th Cir. 2012) ........................................................................ *passim*

20

*Nat'l Elec. Mfrs. Ass'n v. Sorrell*
272 F.3d 104 (2d Cir. 2001) ...................................................................................5

21

22

*Pacific Nw. Venison Producers v. Smitch*
20 F.3d 1008 (9th Cir. 1994) .......................................................................... *passim*

23

*Pike v. Bruce Church, Inc.*
397 U.S. 137 (1970) .......................................................................................2, 3, 5, 6

24

25

*ProtectMarriage.com v. Bowen*
599 F.Supp.2d 1197 (2009) ....................................................................................7

26

27

*PTI, Inc. v. Philip Morris, Inc.*
100 F. Supp. 2d 1179 (C.D. Cal. 2000) ...............................................................1, 8

28

iii

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Somers v. Apple, Inc.*
    729 F.3d 953 (9th Cir. 2013)........................................................................................1

*Teixeira v. Cty. of Alameda*
    No. 12-cv-03288-WHO, 2013 WL 4804756 (N.D. Cal. Sept. 9, 2013) ....................................9

*Valley Bank of Nev. v. Plus Sys., Inc.*
    914 F.2d 1186 (9th Cir. 1990)......................................................................................3

*Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*
    753 F.3d 843 (9th Cir. 2013)...............................................................................3, 6, 7

STATUTES

California Fish and Game Code
    § 2780.............................................................................................................6, 8
    § 4800........................................................................................................ *passim*

United States Code, Title 42
    § 1983...............................................................................................................9

CONSTITUTIONAL PROVISIONS

United States Constitution
    Article I, § 8, Clause 3 ................................................................... *passim*
    Fourteenth Amendment......................................................................1, 8, 9

Defendants' Reply Brief (2:14-cv-01856-GEB-AC)

**INTRODUCTION**

Plaintiff's opposition brief highlights that although it can allege harm to its members' business interests and those of others engaged in the trade and trafficking of mountain lion and mountain lion products, it has not alleged nor could it allege cognizable claims that California Fish and Game Code section 4800 (the Mountain Lion Prohibition) violates the dormant Commerce Clause or the Equal Protection Clause.  As set forth in Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss (Memorandum), the Mountain Lion Prohibition is facially neutral, does not discriminate against or place a substantial burden on interstate commerce, and is rationally related to legitimate governmental interests in protecting wildlife and the environment and in preventing animal cruelty.  Accordingly, it does not implicate the Equal Protection and dormant Commerce Clauses, let alone violate them.  Regardless of plaintiff's complaints and criticisms about the Mountain Lion Prohibition, it cannot demonstrate that the law is unconstitutional, and thus, it cannot state a claim upon which relief can be granted. This Court should dismiss the Complaint and enter judgment for defendants.

**ARGUMENT**

Even under the most generous and favorable reading, the Complaint does not suggest that it is *possible,* let alone plausible, that the Mountain Lion Prohibition violates either the dormant Commerce or the Equal Protection Clause.  Where, as here, a plaintiff has not plausibly alleged and cannot plausibly allege claims under the dormant Commerce and Equal Protection Clauses, dismissal with prejudice is warranted.  *See, e.g.*, *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1107 (N.D. Cal. 2014); *PTI, Inc. v. Philip Morris, Inc.*, 100 F. Supp. 2d 1179, 1202-03 (C.D. Cal. 2000); *Dairy v. Bonham*, No. C-13-1518 EMC, 2013 WL 3829268, *6-7 (N.D. Cal. July 23, 2013).  As a threshold matter, plaintiff's argument that it should be allowed discovery in order to cure the deficiencies in its Complaint fails for at least three reasons.  First, having failed to allege plausible claims for relief, plaintiff is not entitled to discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Somers v. Apple, Inc.*, 729 F.3d 953, 966 (9th Cir. 2013).  Second, the types of facts plaintiff seeks to add, such as proof that the

1

1
2
3
4
5
6
7

Mountain Lion Prohibition is not effective and/or the dollar amount that it has cost the mountain lion hunting industry, are legally irrelevant to its putative claims. *See Heller v. Doe*, 509 U.S. 312, 319, 321 (1993); *CTS Corp. v. Dynamics Corp. of America.*, 481 U.S. 69, 92 (1987). Finally, given that the Mountain Lion Prohibition has been in effect for 23 years and all the information relevant to plaintiff's constitutional claims is publicly available, plaintiff cannot credibly suggest that discovery would allow it to allege cognizable claims. Accordingly, the Court should dismiss the Complaint.

8
9

**I.    PLAINTIFF HAS NOT STATED AND CANNOT STATE A CLAIM FOR RELIEF UNDER THE DORMANT COMMERCE CLAUSE**

10
11
12
13
14
15
16
17
18

Plaintiff apparently concedes that the Mountain Lion Prohibition, which bans, subject to limited exceptions, the killing, injuring, possession, transport, importation, or sale of mountain lions and/or mountain lion product or parts in California, *see* Cal. Fish & Game Code § 4800, does not discriminate against interstate commerce or regulate extraterritorially.[1]  *See* Plaintiff's Opposition to Defendants' Motion to Dismiss (Opposition) at 9-22.  Plaintiff argues instead that under the balancing test set forth in *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970), the Mountain Lion Prohibition's "substantial impact" on interstate commerce exceeds its putative local benefits and these benefits are illusory and could be promoted through less restrictive means.  These arguments fail.

19
20

**A.  Because Plaintiff Has Failed to Allege a Substantial Burden on Interstate Commerce, *Pike* Balancing is not Required.**

21
22

Plaintiff is not entitled to balancing under *Pike*.  As plaintiff concedes, application of the *Pike* test requires that a plaintiff first establish a substantial burden on interstate commerce.  *See*

23
24
25
26
27
28

[1] Plaintiff could not credibly argue otherwise.  The Mountain Lion Prohibition regulates even-handedly and treats all mountain lions and/or mountain lion parts, regardless of their point of origin, exactly the same.  *See* Cal. Fish & Game Code § 4800.  Accordingly, it does not discriminate against interstate commerce.  *Pacific Nw. Venison Producers v. Smitch*, 20 F.3d 1008, 1012 (9th Cir. 1994); *see also Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 948 (9th Cir. 2013), *petition for cert. filed*, (U.S. April 28, 2014) (No. 13-1313).  The Mountain Lion Prohibition also does not, either directly or indirectly, control commerce occurring wholly outside of California and thus is not an impermissible extraterritorial regulation.  *See Healy v. Beer Inst.*, 491 U.S. 324, 336 (1989); *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 548 (1981).

2

Opposition at 13-14, *Ass'n des Eleveurs de Canards*, 729 F.3d at 952.  As the Ninth Circuit has held, a "state regulation does not become vulnerable to invalidation under the dormant Commerce Clause merely because it affects interstate commerce."  Rather, "[a] critical requirement for proving a violation of the dormant Commerce Clause is that there must be a *substantial burden on interstate commerce*."  *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1148 (9th Cir. 2012), *cert. denied*, 81 U.S.L.W. 3452 (U.S. Feb. 19, 2013) (No. 12-461). (emphasis in original); *see generally* Memorandum at 10-12; *Nat'l Ass'n of Optometrists*, 682 F.3d at 1148-49.  The Ninth Circuit has explained that most regulations that are struck down under *Pike* are invalid because of discrimination.  *Id.*; *see also General Motors Corp. v. Tracy*, 519 U.S. 278, 299 n.12 (1997) (citing cases and concluding that "several cases that have purported to apply the undue burden test (including *Pike* itself) arguably turned in whole or in part on the discriminatory character of the challenged state regulations").[2]  In a "small number" of dormant Commerce Clause cases, courts have also invalidated statutes that created inconsistent regulation of activities that "are inherently national or require a uniform system of regulation," almost all of which involve attempted regulation of interstate transportation.  *Nat'l Ass'n of Optometrists*, 682 F.3d at 1148-49; *see also CTS Corp.*, 481 U.S. at 88 (contrasting transportation cases with Indiana law regulating takeovers); *Valley Bank of Nev. v. Plus Sys., Inc.*, 914 F.2d

---

[2] Plaintiff mistakenly contends that "the direct result and intent of the law" is to affect interstate commerce in mountain lion products, and therefore, that "push[es] [its] claim closer to the discrimination analysis."  Opposition at 12, n.12.  Whatever incidental effect the Mountain Lion Prohibition may have on commerce, intentional or not, would establish neither discrimination nor a "substantial burden" under *Pike*.  *See City of Philadelphia v. New Jersey*, 437 U.S. 617, 624 (1978) ("The crucial inquiry, therefore, must be directed to determining whether [a statue] is basically a protectionist measure, or whether it can fairly be viewed as a law directed to legitimate local concerns, with effects upon interstate commerce that are only incidental."); *Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*, 753 F.3d 843, 849 (9th Cir. 2013).  Plaintiff's related argument that California is "needlessly obstruct[ing] interstate commerce" by prohibiting the import of mountain lions and mountain lion parts is similarly weak.  An "import ban that simply effectuates a complete ban on commerce in certain items is not discriminatory, as long as the ban on commerce does not make distinctions based on the origin of the items."  *Pacific Nw. Venison Producers,* 20 F.3d at 1012.  Accordingly, plaintiff's reliance on such cases as *Camps Newfound/Owatonna, Inc. v. Town of Harrison, Maine*, 520 U.S. 564 (1997), and *Conservation Force, Inc. v Manning*, 301 F.3d 985 (9th Cir. 2002), both of which involved facially discriminatory statutes, is misplaced.

3

1186, 1192 (9th Cir. 1990) (distinguishing transportation cases and cases involving national sports leagues as those requiring national uniformity).

Plaintiff has failed to allege a cognizable "substantial burden" within the meaning of the dormant Commerce Clause. *See generally* Memorandum at 10-13. Plaintiff argues that the Mountain Lion Prohibition creates a "substantial impact" on interstate commerce because it causes "a loss of [mountain-lion-related] transportation and taxidermy business in California and other states, the discouragement of Californians to travel to other states or countries to hunt mountain lions, and other lost commerce associated with hunters (transportation, hotels, food, local guides, supplies bought, etc.)." Opposition at 14 (citing Complaint ¶¶ 6, 15-16, 33-40, 44-45). However, the point of the dormant Commerce Clause is to prevent local economic protectionism at the expense of out-of-state interests, not to protect the economic interests of businesses engaged in interstate commerce. *See C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*, 511 U.S. 383, 390 (1994); *Exxon Corp. v. Governor of Maryland*, 437 U.S. at 127-128; *National Optometrists*, 682 F. 3d at 1152 & n. 11. Thus, allegations that the Mountain Lion Prohibition is inhibiting the business of plaintiff and its members, and/or the mountain lion hunting industry generally, would be insufficient as a matter of law to demonstrate that the law imposes a substantial burden on interstate commerce.

Plaintiff's related contention that a substantial burden on commerce could be alleged or proven with evidence of the financial and economic impact of the Mountain Lion Prohibition is misguided. While some dormant Commerce Clause cases do involve an examination of the economic effects of a statute, the determination of whether a law places a substantial burden on interstate commerce is not a quantitative exercise, but a qualitative one. Put another way, it is not the *amount* of burden on commerce, but the *type* of burden, and specifically whether a statute discriminates against interstate commerce in practical effect and/or impedes the flow of goods where national uniformity is required, that is dispositive. *See Huron Portland Cement Co. v. Detroit*, 362 U.S. 440, 448 (1960) ("State regulation, based on the police power, which does not discriminate against interstate commerce or operate to disrupt its required uniformity, may

4

constitutionally stand."); *Pacific Nw. Venison Producers*, 20 F.3d at 1015 (noting that certain types of impacts, including disruption of travel and shipping due to a lack of uniformity in state laws, extraterritorial regulation, and impacts that fall more heavily on out-of-state interests, are of "special importance" in *Pike* analysis and stating that "legitimate regulations that have none of these effects arguably are not subject to invalidation under the Commerce Clause.").

Thus, in *Pike*, the Court's determination that the challenged statute placed a clearly excessive burden on commerce in relation to its benefits was not, as plaintiff suggests, primarily based on the fact that the challenged statute would have caused plaintiff to spend $200,000 (in 1970 dollars) to build a processing and packing facility. *See* Opposition at 16. Rather, it was because the law, which effectively required all cantaloupes sold in Arizona to be packed in that state, was, in practical effect, discriminatory. *See Pike*, 397 U.S. at 140-42; *see also Tracy*, 519 U.S. at 299 n.12.[3]  As the Court noted, the statute functioned as "a straightjacket ... with respect to the allocation of [plaintiff's] interstate resources," and that it "viewed with particular suspicion state statutes requiring business operations to be performed in the home State that could more efficiently be performed elsewhere," or which "impose an artificial rigidity on the economic pattern of the industry."  *Id*. at 145-46.  By contrast, the Mountain Lion Prohibition does not, either directly or in practical effect, privilege intrastate commerce over interstate commerce.  *See* Cal. Fish & Game Code § 4800.  Accordingly, and because the Mountain Lion Prohibition does not apply to activities that are inherently national or require a uniform system of regulation, regardless of its financial impact or effects on commerce, it does not create a substantial burden on interstate commerce within the meaning of *Pike* and its progeny.  *See Nat'l Elec. Mfrs. Ass'n v. Sorrell*, 272 F.3d 104, 109 (2d Cir. 2001) (for "a state statute to run afoul of the *Pike* standard,

---

[3] Similarly, and contrary to plaintiff's characterization, in *Ass'n des Eleveurs de Canards*, the Ninth Circuit did not uphold the district court's determination that the ban on foie gras and duck products produced by force feeding was not a substantial burden on interstate commerce simply because plaintiffs in that case overstated the ban's monetary impact.  *See* Opposition at 16. Rather, it was because the law was not discriminatory, the market for foie gras was not inherently national and did not require uniform system of regulation, and the law's effect was only to preclude a more profitable method of producing foie gras, which is not a substantial burden on interstate commerce.  *See* 729 F.3d at 951-52.

the statute, at a minimum, must impose a burden on interstate commerce that is qualitatively or quantitatively different from that imposed on intrastate commerce."); *Pac. Nw. Venison Producers*, 20 F.3d at 1015.[4]

### B. The Mountain Lion Prohibition Serves Important State Interests and Its Putative Benefits Outweigh Any Burden on Interstate Commerce.

Because plaintiff has not alleged and cannot allege any facts to establish a cognizable burden on interstate commerce, *Pike* balancing is not required and plaintiff's Commerce Clause claim fails. *See Nat'l Ass'n of Optometrists*, 682 F.3d at 1155-56; *Chinatown Neighborhood Ass'n*, 2014 WL 1245047, *8-9. However, even if the Court were to undertake this analysis, the Mountain Lion Prohibition would be valid. As set forth in Defendants' Memorandum, the Mountain Lion Prohibition, including the prohibition on the importation and possession of mountain lions and parts of mountain lions legally killed in other states, was enacted to conserve and protect mountain lion populations both within California and generally and to prevent the cruel practice of trophy hunting. *See* Memorandum at 2-3; Cal. Fish & Game Code §§ 2780, 4800. It is well settled that the protection of wildlife and the environment and the prevention of animal cruelty are legitimate state interests. *Association des Eleveurs*, 729 F.3d at 952; *Pacific Nw. Venison Producers*, 20 F.3d at 1013.[5] Plaintiff has not alleged facts sufficient to overcome

[4] Citing *Yakima Valley*, 731 F.3d at 848-49, plaintiff argues that because it alleges that the putative benefits of the Mountain Lion Prohibition are illusory, the Court should apply *Pike* balancing. Opposition at 14. In *Yakima Valley*, however, the Ninth Circuit did not apply *Pike* balancing. Instead, it addressed and rejected the argument that the benefits of the statute were non-existent or illusory. *See* 731 F.3d at 849. In other cases, the Ninth Circuit has found such allegations irrelevant to the *Pike* analysis. *See National Optometrists*, 682 F. 3d at 1156 ("In the absence of discrimination or another substantial burden on interstate commerce, [the Court] need not determine if the benefits of a statute are illusory.) As discussed herein and in Defendants' Memorandum, plaintiff has not met its pleading burden to allege facts that plausibly suggest that the benefits of the Mountain Lion Prohibition illusory, *see Iqbal*, 556 U.S. at 678; Memorandum at 12-13, and, in fact, they are not.

[5] As discussed by amicus curiae the Humane Society of the United States, the Mountain Lion Prohibition serves the State's legitimate interest in preventing animal cruelty by stopping the practice of trophy hunting of mountain lions in California and discouraging the practice elsewhere. *See* Amicus Curiae Brief in Support of Defendants' Motion to Dismiss, ECF No. 18-2, at 8-10; *see also Ass'n des Eleveurs*, 729 F.3d at 952. Although plaintiff argues that this interest is not explicitly set forth in the findings and statute, a state need not provide a justification or rationale for its legislative decisions. *See, e.g., King v. Christie,* 981 F. Supp. 2d 296, 325 (D.N.J. 2013), *aff'd, King v. Governor of the State of New Jersey,* 767 F.3d 216 (3d Cir. 2014).
(continued...)

the strong presumption of validity afforded to state laws.  *See Missouri Pac. R. Co. v. Norwood*, 283 U.S. 249, 254, *modified sub nom. Missouri Pac. R.R. Co. v. Norwood*, 283 U.S. 809 (1931); *Pacific Nw. Venison Producers*, 20 F.3d at 1014; *Legislature v. Eu*, 54 Cal.3d 492, 501 (Cal. 1991).[6]  Instead, plaintiff argues that California's stated interests are illusory, that they are not advanced by the Mountain Lion Prohibition, and that they could be accomplished by less restrictive means.  Opposition at 18-22.  Not only are these arguments entirely unsupported by any factual allegations in the Complaint, but they fail as a matter of law.

Insofar as plaintiff argues that the Mountain Lion Prohibition is irrational and its benefits are illusory, it has not alleged, and cannot allege, any facts tending to show that the State's interests in the protection and conservation of wildlife and the prevention of animal cruelty are "tenuous" and/or that Mountain Lion Prohibition furthers them "so marginally" and that it "interfere[s] with commerce so substantially," *Kassel v. Consol. Freightways Corp.*, 450 U.S. 662, 670 (1981), as to be "a fig leaf masking discrimination," *Yakima Valley*, 731 F.3d at 849; *see also Association des Eleveurs*, 729 F.3d at 952; *Pacific Nw. Venison Producers*, 20 F.3d at 1013. Plaintiff's contention that the Mountain Lion Prohibition could be written differently and/or more to its liking, is immaterial.  In the context of dormant Commerce Clause claims, courts should not "second guess the empirical judgments of lawmakers concerning the utility of legislation." *CTS Corp.*, 481 U.S. at 92; *Pac. Nw. Venison Producers*, 20 F.3d at 1016 ("Courts should decline to second-guess such legislative judgments when the evidence of the regulatory measure's effect on interstate commerce is so tenuous.").  Finally, plaintiff's suggestion that the State's important

---

(…continued)
Moreover, the people's interest in preventing trophy hunting is reflected in the legislative history. *See* Defendants' Request for Judicial Notice, Exh. A; *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir.2012) (taking notice of excerpts of a Senate Report); *In re Google Inc.*, No. 13–MD–02430–LHK, 2013 WL 5423918, *6 (N.D. Cal. Sept. 26, 2013).

[6] To the extent that plaintiff argues that initiative statutes are not afforded a presumption of validity, *see* Opposition at 20-21, this is incorrect.  "As with statutes adopted by the Legislature, all presumptions favor the validity of initiative measures and mere doubts as to validity are insufficient; such measures must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears." *Eu*, 54 Cal.3d at 501.  The cases cited by plaintiff, *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088 (9th Cir. 2003), and *ProtectMarriage.com v. Bowen*, 599 F. Supp. 2d 1197, 1205, addressed constitutional challenges to election-related disclosure requirements, and are inapposite.

7

interests could be achieved through less restrictive means is legally irrelevant.  *See Nat'l Ass'n of Optometrists*, 682 F.3d at 1157 (stating that under rational basis review of dormant Commerce Clause claim, courts should "not consider any evidence regarding alternative means for the State to achieve its goals."); *see also id.* at 1156 (noting that where no constitutionally significant burden on interstate commerce has been shown, courts give even greater deference to the asserted benefits of a state law or regulation).  Accordingly, and because plaintiff has not stated, and cannot state, a claim under the Commerce Clause, this Court should dismiss plaintiff's First Claim for Relief.  *See, e.g.*, *Chinatown Neighborhood Ass'n*, 2014 WL 1245047 at *8-9; *PTI, Inc. v. Philip Morris, Inc.*, 100 F. Supp. 2d 1179, 1202-03 (C.D. Cal. 2000).

## II.   PLAINTIFF HAS NOT STATED AND CANNOT STATE A CLAIM FOR RELIEF UNDER THE EQUAL PROTECTION CLAUSE

Plaintiff's equal protection claim also fails as a matter of law.  The people of California have found and declared that the protection, enhancement, and restoration of wildlife habitats, including mountain lion habitats, is "vital to maintaining the quality of life in California," and that there is "an urgent need" to protect them and to "support California's unique and varied wildlife resources."  Cal. Fish & Game Code § 2780.  The people have also determined that the practice of trophy hunting is "cruel and unnecessary."  *See* Defendants' Request for Judicial Notice, Exh. A.  In keeping with these findings, California has determined that the mountain lion is a specially protected mammal under the laws of this state and that it should be unlawful to take, injure, possess, transport, import, or sell any mountain lion or part of a mountain lion.  *Id.* § 4800.  Although plaintiff disagrees with the people's assessment and believes that the Mountain Lion Prohibition is not the optimal way to achieve the State's important interests, "equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices."  *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993).  Further, rational basis review does not give courts latitude to speculate as to whether some other scheme could have better regulated the evils in question.  *Mourning v. Family Publ'n Serv., Inc.*, 411 U.S. 356, 378 (1973).

Plaintiff mistakenly suggests that at the pleading stage, conclusory allegations that the Mountain Lion Prohibition is irrational are sufficient to defeat a motion to dismiss and/or entitle it

8

to discovery and trial.  Opposition at 24-26.  "Even in the context of a motion to dismiss, a plaintiff alleging an equal protection violation must plead a claim that establishes that there is not "any reasonable conceivable state of facts that could provide a rational basis for the classification."  *Dairy*, 2013 WL 3829268, *6 (citing *Hettinga v. U.S.*, 677 F.3d 471, 479 (D.C. Cir. 2012)).  Here, plaintiff has not alleged facts that, if true, "negative every conceivable basis which might support" the Mountain Lion Prohibition, *Heller*, 509 U.S. at 319, nor facts demonstrating that the law is wholly irrational.  *See Chinatown Neighborhood Ass'n*, 2014 WL 1245047 at *6.  As with its dormant Commerce Clause claim, plaintiff "ha[s] not alleged facts sufficient to overcome the presumption of rationality" that applies to duly-enacted legislation. *Teixeira v. Cty. of Alameda*, No. 12-cv-03288-WHO, 2013 WL 4804756, *10 (N.D. Cal. Sept. 9, 2013); *Eu*, 54 Cal.3d at 501.  Moreover, given that the Mountain Lion Prohibition is rationally related to the State's interest in the conservation and protection of wildlife as well as the prevention of animal cruelty, plaintiff cannot state an equal protection claim as a matter of law. *See Pacific Nw. Venison Producers*, 20 F.3d at 1013; *Chinatown Neighborhood Ass'n*, 2014 WL 1245047 at *6.  The Court should thus dismiss plaintiff's Second Claim for Relief.

### III.   PLAINTIFF'S REMAINING CLAIM MUST BE DISMISSED

Because plaintiff has failed to allege claims under the dormant Commerce and Equal Protection Clauses, its remaining dependent claim, pursuant to 42 U.S.C. section 1983 should also be dismissed.

//

//

//

//

9

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court dismiss the Complaint in its entirety and enter judgment in their favor.

Dated:  March 23, 2015                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

*/s/ Alexandra Robert Gordon*

ALEXANDRA ROBERT GORDON
Deputy Attorney General
*Attorneys for Defendants*
*Attorney General Harris and Director
Bonham*

10