Linda J. Linton, Esq. (Counsel for Service)
(California Bar No. 177821)
Linton & Associates, P.C.
6900 S. McCarran Blvd., #2040
Reno, NV 89509
Telephone: (775) 333-0881
Facsimile: (775) 333-0877
llinton@lintonlegal.com

Douglas S. Burdin, Esq.
(D.C. Bar No. 434107)
Anna M. Seidman, Esq.
(D.C. Bar No. 417091)
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org
aseidman@safariclub.org
Counsel for Plaintiff
Safari Club International

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL<br><br>Plaintiff,<br><br>v.<br><br>KAMALA D. HARRIS, in her official capacity as the Attorney General of California; CHARLTON H. BONHAM, in his official capacity as the Director of the California Department of Fish and Wildlife<br><br>Defendants.<br>_____ | 2:14-cv-01856-GEB-AC<br><br>**PLAINTIFF'S REPLY TO OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**<br><br>Hearing Date: March 30, 2015<br>Time: 9:00 a.m.<br>Courtroom: 10, 13th Floor<br>Judge: Hon. Garland E. Burrell, Jr.<br>Action Filed: August 6, 2014 |

**PLAINTIFF'S REPLY TO OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**    1

## I. INTRODUCTION

In preparation for the filing of its opposition to the State Defendants' motion to dismiss, Plaintiff Safari Club International ("Safari Club") filed a request that the Court take judicial notice of six documents ("Request") (Dkt. 28). Safari Club identified documents that it anticipated it would need to reference in its opposition to the motion to dismiss, but since has found need to rely on only four of the six documents, and so here withdraws its request for judicial notice of Exhibits C and F.[1] In broad and conclusory statements, State Defendants argue that Safari Club is trying to introduce new facts and arguments not found in the Complaint and that the documents are irrelevant. Objection at 1. As described in the Request and below, the four remaining documents are relevant to Safari Club's Complaint and its Opposition (Dkt. 30) and are properly subject to judicial notice under Federal Rules of Evidence ("FRE") 201(b).

## II. ARGUMENT

Despite the State Defendants' objection to Safari Club's request for judicial notice of the four documents, the Court should grant Safari Club's Request because (1) all four documents are publicly available and State Defendants do not dispute the authenticity of the documents or websites from which they come; (2) Safari Club specifically referenced one of the documents in its Complaint and one document directly supports an allegation; and (3) all four documents are relevant both to Safari Club's Complaint and to Safari Club's Opposition.

All four documents are publicly available and are from well-respected sources. Exhibits A and B are from the website of the California Department of Fish and Wildlife ("Department"). Exhibit D is from the International Union for Conservation of Nature's ("IUCN") website. Exhibit E is from the U.S. Department of Labor's website. State Defendants acknowledge that

---

[1] So it could notice its Request for the same hearing date as State Defendants' Motion to Dismiss – March 30 – Safari Club filed its request more than two weeks prior to filing its Opposition. State Defendants objected to the Request on March 9, 2015 ("Objection") (Dkt. 29).

**PLAINTIFF'S REPLY TO OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**     2

courts may consider "documents that are capable of accurate and ready determination and not reasonably subject to dispute." Objection at 1 (citations omitted). As described in Safari Club's Request, judicial notice is appropriate for documents from publicly available websites, especially when the authenticity of the website or information found on the website is not disputed. *See* Request at 3-4. State Defendants do not dispute the authenticity or factual accuracy of any of the documents or the sources from which Safari Club obtained the documents. *See* Objection at 1.

State Defendants assert only that the documents "extend beyond the boundaries of the Complaint" and are "irrelevant as none bears on the dispositive question currently before the Court." Objection at 2. Both objections are incorrect. As an initial matter, Exhibit A, a document about mountain lions in California from the Department's website, is not beyond the boundaries of the Complaint because Safari Club explicitly referenced and quoted it. Complaint, ¶ 32; *see Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (court can take judicial notice of document not physically attached to the complaint if authenticity not questioned and complaint relies on document). Similarly, Exhibit D, although not specifically referenced in the Complaint, directly relates to statements in the Complaint. Safari Club asserts that residents of California can hunt mountain lions in other countries, including Argentina and Mexico. Complaint ¶ 34. Exhibit D directly relates to these assertions by providing documentation of the availability of mountain lion hunting opportunities in these two countries and two other countries.

All four documents relate to allegations and arguments made in Safari Club's Complaint and are relevant to the Opposition currently before the Court. Exhibit A, in addition to being directly quoted in the Complaint, supports Safari Club's argument that mountain lions in California are not threatened or endangered and the State cannot assert an interest in discouraging the out-of-state hunting of non-imperiled wildlife. Complaint, ¶¶ 23, 32, 47; Opposition at 1, 3-4, 22, 26. Exhibit B (chart of hunting licenses issued in California) supports statements made in

1  Safari Club's Complaint that challenge the Import Ban's relation to California's interest in

2  protecting its wildlife and their habitats. Complaint, ¶ 21, citing Cal. Fish and Game Code §§

3  2780-81.  State Defendants relied on section 2780 as alleged justification for the Import Ban.

4  MTD at 12.  Safari Club relies on Exhibit B to refute this assertion. Opposition at 18-19 & n.13

5  (questioning how Section 2780 and other sections justify discouraging hunting of a single species

6  out of state when California issues millions of hunting licenses to hunt species within California).

7  

8  Exhibits D (IUCN document describing countries that allow mountain lion hunting) and E

9  (inflation calculator) relate to Safari Club's Commerce Clause claim and Safari Club's argument

10 that the Import Ban has a significant impact on commerce.  *See* Complaint, ¶¶ 5-7, 15, 33-39, 44-

11 47; Opposition at 5 n.6 (Exhibit D), 16 n.12 (Exhibit E).  Exhibit D is relevant because California

12 hunters' ability to hunt mountain lions in other countries increases the impact on interstate (and

13 foreign) commerce when the Import Ban causes those hunters not to go to a foreign country to

14 hunt. Exhibit E demonstrates the relative value of expenditures over time.  This exhibit is relevant

15 and useful because in 1970 the U.S. Supreme Court analyzed, with reference to a specific dollar

16 amount ($200,000 in 1970 dollars), the financial impact on interstate commerce of a state law.

17 The U.S. Supreme Court found that the burden on interstate commerce justified invalidating the

18 state law.  Opposition at 16 (discussing *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 140 (1970)).

19 Exhibit E, a reliable inflation calclulator, gives a present day value to the 1970 dollar amount.

20 The present day value of $200,000 is relevant to Safari Club's efforts to demonstrate a

21 "plausible" Commerce Clause claim.  *See Pinnacle Armor, Inc. v. U.S.*, 648 F.3d 708, 721 (9th

22 Cir. 2011) (Rule 12(b)(6) motion to dismiss requires Court to determine whether plaintiff has

23 stated a plausible claim for relief).[2]

---

[2] In a footnote, the State Defendants argue that the Court can only take judicial notice that Exhibit A and the other Exhibits exist, but "cannot take judicial notice of the truth of the facts contained in [the] document." Objection at 2, n.1 (*citing Lee*, 250 F.3d at 689-90).  But *Lee* discusses not

PLAINTIFF'S REPLY TO OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF      4
OPPOSITION TO MOTION TO DISMISS

The four documents contain information alleged in the Complaint, are related to the allegations in the Complaint, and/or necessarily have a bearing on the dispositive questions currently before the Court.  The State Defendants' unsupported claims to the contrary have no merit.

## III. CONCLUSION

For the reasons discussed above and in its Request for Judicial Notice, Safari Club requests that the Court take judicial notice of Exhibits A, B, D, and E of its Request.  Each satisfies the requirements of FRE 201(b) and is relevant to this case and Safari Club's Opposition.

Dated this 23rd day of March, 2015.

Respectfully submitted,

/s/ Douglas S. Burdin
Douglas S. Burdin, Esq.*
(D.C. Bar No. 434107)
Anna M. Seidman, Esq.*
(D.C. Bar No. 417091)
Jeremy E. Clare
(D.C. Bar No. 1015688)
Safari Club International
501 2nd Street N.E.
Washington, D. C.  20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org
aseidman@safariclub.org
jclare@safariclub.org

Counsel for Plaintiff
Safari Club International
* Pro Hac Vice Granted

---

allowing judicial notice when the documents or facts are subject to reasonable dispute, such as would require the court to convert the motion to dismiss to a motion to summary judgment. *Lee*, 250 F.3d at 689-90.  As the facts contained in Exhibit A and B are the statements of the Department headed by defendant Bonham, those facts are not subject to reasonable dispute.  State Defendants have not disputed the truth of Exhibits D and E, both of which are from reputable sources.  In addition, Exhibit E contains a readily verifiable inflation calculator.

**PLAINTIFF'S REPLY TO OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**  5