UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL,<br><br>        Plaintiff,<br><br>    v.<br><br>KAMALA D. HARRIS, in her official capacity as the Attorney General of California, and CHARLTON H. BONHAM, in his official capacity as the Director of the California Department of Fish and Wildlife,<br><br>        Defendants. | No. 2:14-CV-01856-GEB-AC<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendants seek dismissal of Plaintiff's Complaint with prejudice, arguing Plaintiff's "Complaint is comprised of little more than boilerplate legal conclusions that fail to satisfy the pleading burden under Federal Rule of Civil Procedure 12(b)." (Def.'s Mot. to Dismiss ("Mot.") 2:11-12, ECF No. 15.) Plaintiff alleges in its Complaint that California Fish & Game Code § 4800 ("the Import Ban") violates the federal Equal Protection Clause and dormant Commerce Clause, and asserts it "adversely and

1

significantly harms interstate commerce and serves no legitimate state or local interest." (Compl. ¶ 1, ECF No. 2.) Plaintiff also seeks an injunction enjoining state officials from enforcing the Import Ban.

Defendants argue "plaintiff neither identifies the nature of the 'burden'" on interstate commerce, "nor suggests how it outweighs the putative benefits of the [Import Ban]." (Mot. 11:9-10.) The Human Society of the United States ("HSUS") filed an amicus curiae brief in support of the dismissal motion in which it argues, inter alia, that the Import Ban is rationally related to the government's interest in preventing cruelty to mountain lions.

The Import Ban was approved by California voters in 1990 as Proposition 117. It states in relevant part: "<u>it is unlawful to take, injure, possess, import, or sell any mountain lion or any part or product thereof</u>." Fish and Game Code § 4800(b)(emphasis added). Plaintiff challenges the ban's prohibition of "the importation, transportation, and possession in California of mountain lions hunted outside of California." (Compl. ¶ 1.)

### I. FACTUAL ALLEGATIONS

Plaintiff alleges in its Complaint that the Import Ban discriminates against "hunters who wish to legally hunt mountain lions" outside of California as compared to "[h]unters of other species . . . [who] are not subject to the complete ban on the importation, transportation, and possession of their harvested animals in California." (Compl. ¶ 51.) Plaintiff also allege its members "desire to . . . participate in mountain lion hunts

2

outside of California with the intent of importing any harvested mountain lion into California," and that "[b]ut for the Import Ban" they could do so. (Compl. ¶¶ 5, 2.) Plaintiff further alleges that once a mountain lion is "reduced to possession by [a] hunter . . . [it] becomes an article of interstate commerce," and that the Import Ban prevents the movement of harvested mountain lions into California where they would generate income through, inter alia, taxidermy, demonstrating that "[t]he adverse impacts on interstate commerce [from the Import Ban] outweigh any local interests . . . Defendants might claim [are] advanced by the Import Ban." (Compl. ¶¶ 7, 44, 47.)

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "For purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). However, the court does "not accept legal conclusions in the complaint as true, even if cast in the form of factual allegations." Lacano Inv., LLC v. Balash, 765 F.3d 1068, 1071

3

(9th Cir. 2011) (internal quotation marks omitted).

### III. CONSIDERATION OF DOCUMENTS BEYOND THE PLEADINGS

Defendants support their motion with a request that judicial notice be taken of Exhibit A attached to the Gordon Declaration, which is the text of the California Ballot Pamphlet for Proposition 117. (ECF No. 15-2). As a general rule, a district court "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" United States v. Corinthian Colls., 655 F.3d 984, 998 (9th Cir. 2011) (quoting Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001)). However, "[a] court may, . . . consider certain materials [including] documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Judicial notice is taken of the California Ballot Pamphlet for Proposition 117 since this information about the Import Ban was publicly available to voters and includes the argument that "mountain lion hunting is cruel and unnecessary." (Def. RJN Ex. A, p. 42, ECF No. 15-2.)

Plaintiff seeks judicial notice of Exhibits A, B, D, and E attached to the Burdin Declaration; the exhibits are printouts of the website for the following entities: the California Department of Fish and Wildlife (Exs. A and B), the International Union for Conservation of Nature (Ex. D), and the United States Department of Labor, Bureau of Labor Statistics (Ex. E). (ECF No. 28.) Exhibit A attached to the Burdin Declaration is considered since it is incorporated by reference

into the Complaint. (See Compl. ¶ 32.) However, it has not been shown that the contents of the remaining portion of the request concerns the decision below; therefore this portion of Plaintiff's request is denied. Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) ("We decline to take judicial notice of the [requested materials], as they are not relevant to the resolution of this appeal.").

## IV. DISCUSSION

### A. Equal Protection Clause

Defendants argue Plaintiff's Equal Protection Clause claim should be dismissed since Plaintiff has not, and cannot, plausibly allege that the Import Ban bears no rational relationship to the government's interests in enacting it. HSUS argues the ban advances the government's interest in preventing cruelty to mountain lions.

Plaintiff counters it is not required to allege that the government's interest in preventing cruelty to mountain lions bears no rational relationship to the Import Ban, and that this asserted interest is a post hoc justification that was not considered by the voters.

"Social and economic legislation like the [Import Ban] that does not employ suspect classifications or impinge on fundamental rights must be upheld against equal protection attack when the legislative means are rationally related to a legitimate governmental purpose." Hodel v. Indiana, 452 U.S. 314, 331 (1981). "The Supreme Court has long held that a law must be upheld under rational basis review 'if any state of facts

1 reasonably may be conceived to justify' the classifications
2 imposed by the law. This lowest level of review does not look to
3 the actual purpose of the law. Instead, it considers whether
4 there is some conceivable rational purpose that [voters] could
5 have had in mind when [they] enacted the law." SmithKline Beecham
6 Corp. v. Abbott Lab., 740 F.3d 471, 481 (9th Cir. 2014)(citing
7 McGowan v. Maryland, 366 U.S. 420, 426 (1961)). When "applying
8 rational basis review . . . , any hypothetical rationale for the
9 law [will] do." Witt v. Dep't of Air Force, 527 F.3d 806, 817
10 (9th Cir. 2008).

> The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. When social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude, and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic processes.

City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985).

Plaintiff's Complaint does not contain an allegation concerning the Import Ban's presumed rational relationship to the government's interest in preventing cruelty to mountain lions. Therefore, Plaintiff's Equal Protection Clause claim is dismissed. However, Defendants have not shown that Plaintiff should not be granted leave to amend this claim.

**B. Dormant Commerce Clause**

The movants also argue Plaintiff's dormant Commerce Clause claim should be dismissed with prejudice, contending Plaintiff has not, and cannot plausibly allege that any burden

1  the Import Ban imposes on interstate commerce is clearly
2  excessive in relation to the ban's putative local benefits.
3  Specifically, HSUS argues the Import Ban prevents cruelty to
4  mountain lions, and Plaintiff's Complaint is devoid of
5  allegations concerning this local benefit.

> [P]recedent[] provide[s] for two levels of scrutiny for challenges to a state statute under the dormant Commerce Clause. If the statute discriminates against interstate commerce, it will be subject to the "strictest scrutiny." Discrimination in this context means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." If the state statute does not discriminate against interstate commerce, it will be upheld unless the burden imposed on interstate commerce is "clearly excessive in relation to the putative local benefits."

Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus., 730 F.3d 1024, 1038 (quoting Nat'l Ass'n of Optometrists & Opticians v. Harris, 682 F.3d 1144, 1149 (9th Cir. 2012) (quoting Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970))).

Plaintiff alleges the Import Ban discourages California residents from traveling to other states where they would spend money in pursuit of a mountain lion hunt, and that the ban stifles income that could be generated in California through the taxidermy of harvested mountain lions. (Compl. ¶¶ 7, 27, 44-45.) Plaintiff also alleges this "adverse impact on interstate commerce outweigh[s] any local interests the . . . Defendants might claim is advanced by the Import Ban." (Id. ¶ 47.) Even if such burdens are cognizable under the Commerce Clause, Plaintiff has not plausibly plead how or why those burdens on interstate commerce are "clearly excessive" in light of the asserted local

benefit of preventing cruelty to mountain lions. Therefore, this claim is dismissed. However, Defendants have not shown that Plaintiff should not be granted leave to amend this claim.

**V. CONCLUSION**

For the stated reasons, Defendants' motion to dismiss is GRANTED. Plaintiff is granted fourteen (14) days leave from the date on which this order is filed to file a First Amended Complaint addressing the deficiencies in any dismissed claim.

Dated:  April 28, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

8